IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ABDUL KUYATEH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF ATLANTA, GEORGIA, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

1. This is an action for employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.* ("Title VII"). As described below, Plaintiff Abdul Kuyateh's employer, the City of Atlanta Department of Corrections, a political subdivision of Defendant City of Atlanta, Georgia, violated Title VII by failing to accommodate his religion and practice of wearing a beard, and by terminating his employment due to his need for a religious accommodation or his perceived need for a religious accommodation.

2. On or about December 9, 2015, Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") charging that he was terminated due to his need for an actual or perceived religious accommodation. (Attachment 1).

1

3. On or about July 7, 2016, as more than 180 days had elapsed since the filing of his charge, Plaintiff requested the right to sue from the EEOC. On or about November 30, 2016, The United States Department of Justice, Civil Rights Division issued a Notice of Right to Sue. (Attachment 2). Accordingly, all conditions precedent to the filing of this suit have been met.

## Jurisdiction and Venue

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391, because at least one Defendant resides in this district and division, all Defendants reside in this State, and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred within this district and division.

## Parties

6. Plaintiff Abdul Kuyateh ("Mr. Kuyateh") is a resident of Maryland. At all times relevant to this action, he was an employee of Defendant City of Atlanta. Mr. Kuyateh submits himself to the jurisdiction of this Court.

7. Defendant City of Atlanta is a municipal governmental entity that is legally competent to sue and be sued. The City of Atlanta controls and oversees the City of Atlanta Department of Corrections. The City of Atlanta was Mr.

Kuyateh's "employer" as defined by Title VII. This Court has personal jurisdiction over the City of Atlanta. The City maintains its Office at 55 Trinity Avenue, Atlanta, Georgia 30303 and may be served by personal service upon its Mayor or his designee.

## Facts

8. Mr. Kuyateh applied for employment as a correctional officer with the City of Atlanta Department of Corrections ("DOC") in late December 2014.

9. He was selected to begin the rigorous application process, and after navigating some scheduling and clerical issues, he completed his background investigation, polygraph testing, physical testing, psychological evaluation, and all other requirements for the job of correctional officer by the end of July 2015.

10. He passed all of the necessary testing, and met all other requirements for employment with DOC.

11. Moreover, an interview panel of DOC officers interviewed Mr. Kuyateh, and each officer recommended him for the position of correctional officer.

12. Accordingly, he was offered the job of correctional officer on or about August 11, 2015.

13. Mr. Kuyateh is a practicing Muslim and he keeps a beard as a tenant of his faith.

14. Throughout the hiring process various DOC officials, including those on the interview panel and DOC Chief Patrick Labat, questioned Mr. Kuyateh about his beard, specifically, whether he planned to shave it.

15. Each time, Mr. Kuyateh explained that he had no plans to shave his beard because it was an important tenant of his Muslim faith.

16. While there are length and grooming requirements associated with beards by DOC employees, there is not an outright prohibition against beards at DOC.

17. On August 27, 2105, Mr. Kuyateh reported for his first day of work at the Career Development Unit of the Atlanta City Detention Center.

18. He was well groomed and his beard was neatly trimmed for his first day of work.

19. Soon after arriving for duty, Mr. Kuyateh was approached by a DOC investigator, who inquired about Mr. Kuyateh's beard.

20. As he had responded to similar inquiries received during the interview process, he informed the investigator that he kept his beard because of his Muslim faith.

21. The investigator appeared to accept this answer and walked away.

22. Soon thereafter, Chief Labat approached Mr. Kuyateh directly and told him he had 24 hours to shave his beard.

23. Mr. Kuyateh explained, once again, that he kept his beard for religious reasons and could not shave it.

24. Chief Labat then responded "if I let you, I will have to let everyone have a beard" followed by "next thing I know, you will be telling me you can't work weekends because of your religion."

25. Mr. Kuyateh was fired from his position with DOC before the end of that day.

26. In his termination meeting, Mr. Kuyateh was informed he was being terminated because of his beard.

## **Legal Claim**

27. By this reference, Plaintiff reincorporates the previously set forth factual allegations as if fully set forth herein.

28. As fully described herein in the proceeding paragraphs, Mr. Kuyateh was terminated from his employment with DOC due to wearing a beard on his first day of employment.

29. The wearing of a beard is a sincerely held religious practice of Mr. Kuyateh's Muslim faith.

30. Mr. Kuyateh's termination for the wearing of a beard constitutes unlawful religious discrimination in violation of Title VII.

31. Specifically, Title VII prohibits an employer from considering an employee's need for a religious accommodation, or perceived need for a religious accommodation, in making an adverse employment decision. See E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015).

32. Defendant's act of terminating Plaintiff was intentional.

33. Defendant's act of terminating Plaintiff was carried out with malice and/or reckless disregard for Plaintiff's federally protected rights.

34. As a result of Defendant's unlawful acts, Plaintiff has suffered significant damages, including financial loss and emotional distress.

**WHEREFORE**, Plaintiff prays:

a) That the Court declare that Defendant's actions, policies, and practices complained of herein violated Title VII and Plaintiff's federally protected civil rights.

b) That the City of Atlanta be permanently enjoined from violating the rights of Plaintiff and others pursuant to its unlawful acts and policies;

c) That the City of Atlanta be ordered to institute and carry out policies, practices, and programs which provide equal employment opportunities to their employees of all religions and which eradicate the effects of their past and present unlawful employment practices;

d) That special damages be awarded to compensate Plaintiff for his economic injuries as a consequence of Defendant's unlawful acts in an amount to be determined by the enlightened conscience of the jury;

e) That compensatory damages be awarded against Defendant to compensate Plaintiff for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, and loss of professional and personal reputation as a consequence of Defendant's actions in an amount to be determined by the enlightened conscience of the jury;

f) That punitive damages be awarded against Defendant in an amount to be determined by the enlightened conscience of the jury to deter Defendant and others from similar misconduct in the future;

g) That a trial by jury be had on all issues wherein a jury trial is permitted under law;

h) That attorneys' fees and expenses of litigation be awarded as authorized under 42 U.S.C. § 1988 and other provisions of law;

i) That pre-judgment and post-judgment interest be awarded; and

j) That the Court award such other equitable or monetary relief as deemed just and proper.

Respectfully submitted, this December 7, 2016.

/s/ Caleb Gross
Caleb Gross
Georgia Bar No. 960323
James Radford
Georgia Bar No. 108007
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@decaturlegal.com
caleb@decaturlegal.com


ATTORNEYS FOR PLAINTIFF